[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: "DR. LAURA" TAPE
The defense seeks to use a tape of a telephone call allegedly made to the Dr. Laura Schlessinger radio program on December 13, 2000 during its cross examination of Christopher Despres. Despres testified before the jury stating that he was present when his father, Mark Despres, shot and killed Anson "Buzz" Clinton. During the call to the radio show, the caller, "Chris," states that he was involved in a murder-for-hire when he was fifteen years old. When asked what role he played, the caller states, "I was the one who actually did it." The defense asserts that the statements by the caller are inconsistent with the direct testimony of Christopher Despres. Admissibility of the tape turns on the issue of authentication. Because the court finds that the defense has not made a prima facie showing that Christopher Despres is the person who made the call, the state's objection to the tape must be sustained.
 BACKGROUND
Apart from the speaker's voice, the tape presents a mixture of CT Page 2211 circumstantial factors bearing on the question of authentication. Supporting authentication are (1) the caller's identification of himself as "Chris;" (2) the description of the crime as a murder-for-hire; (3) the statement that the crime occurred when the caller was fifteen; and (4) that on the date of the call, December 13, 2000, the caller was married. Factors contrary to authentication are (1) at the time of the call, none of the calls being received by the radio program originated from a Connecticut telephone facility; (2) the Dr. Laura program, being a national radio program, receives many telephone calls from throughout the country; and (3) Despres' denial of being the caller, as well as his assertion that in December, 2000 he was in the midst of marital discord.[1]
None of this circumstantial evidence is conclusive. Authentication of the tape comes down to the identification of the speaker's voice. The defense has not offered testimony from anyone who claimed to be familiar with Chris Despres' voice to identify the voice on the tape as his. The defense is asking the court to compare Despres' voice with the voice on the tape and determine whether there exists prima facie authentication.
 DISCUSSION
Connecticut's code of evidence provides that preliminary questions concerning the admissibility of evidence shall be determined by the court. Code of Evidence § 1-3 (a). The requirement of authentication as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the offered evidence is what the proponent claims it to be. Code of Evidence § 9-1 (a). This requires the proponent make a prima facie showing of authentication. Once such a prima facie showing is made, the ultimate determination is for the fact finder, Code of Evidence § 9-1 commentary (a).
As to voice identification, the commentary to Code of Evidence § 9-1
provides: "[a]ny person having sufficient familiarity with another person's voice . . . can identify that person's voice or authenticate a conversation in which the person participated." Code of Evidence § 9-1
commentary (a)(5). Both case law and commentators have observed this to be the traditional method of identifying voices. See State v. Jonas,169 Conn. 566, 576-77, 363 A.2d 1378 (1975), cert. denied, 424 U.S. 923
(1976); Tait's Handbook of Connecticut Evidence § 9.8; McCormick on Evidence, 5th Ed. § 226.
This traditional method has not been employed in the present case. Instead, as stated above, the defense asks this court to make the required comparison and rule on whether a prima facie showing has been made. While this approach has obvious limitations — this court is not
CT Page 2212 familiar with the voice of Christopher Despres, it is not unprecedented. In United States v. Sliker, 751 F.2d 477 (1989), the Second Circuit approved a trial court's decision to admit a tape of a telephone conversation based on the judge's own in-court comparison of voices. The opinion observed that after hearing the tape, the trial judge, in a side-bar conference, stated: "It is clear that it is [the defendant's] voice." Id., 497.
The Second Circuit again considered this area in Ricketts v. City ofHartford, 74 F.3d 1397 (2d Cir. 1996). In Ricketts, the trial court compared a tape of a police radio transmission with the voice of one of the defendant police officers. Despite substantial circumstantial evidence supporting authentication, the trial court did not allow the tape into evidence. The trial judge stated that after listening to the tape, he was not satisfied that the voice on the tape was that of the defendant police officer. Id., 1409. Although upholding the exclusion of the tape on other grounds, the Second Circuit observed that a trial judge's discretion to exclude a tape on authentication grounds is limited to a determination whether "sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification. Id., 1411.
While this federal precedent is not binding on this court, it is instructive. Particularly since the methods of authentication set forth in Code of Evidence § 9-1 is illustrative only. This court has therefore compared the voice of Christopher Despres heard during his testimony on February 8, 2002, with the speaker's voice on the Dr. Laura tape. Unlike the trial court in Sliker, this court does not find it "clear" that the Despres is the speaker on the tape. To the contrary, the two voices sound different. Part of that difference could be attributable to the nervousness displayed in the voice of the caller on the tape. In addition, the tape was recorded December 13, 2000, which was fourteen months before Despres testified. Despres was 23 years old at the time of his testimony. Nevertheless, the timbre of the voices are different. Moreover, the cadence of speech is different. Christopher Despres' cadence was generally slower than the speaker on the tape. Finally, the manner of expression was different. While the tape is short, the caller appears to have better diction than Christopher Despres displayed during testimony. On the other hand, the court cannot with certainty rule out Despres as the caller. After comparison and reflection, the court finds that Christopher Despres is probably not the caller.
The present case is therefore distinguishable from both Sliker andRicketts. It is distinguishable from Sliker because this court does not find the caller's voice to be that of the purported speaker. It is distinguishable from Ricketts because this case lacks compelling CT Page 2213 circumstantial evidence as to the identification of the speaker's voice.
In sum, on the present record, the court does not find that sufficient proof has been introduced to make out a prima facie case authenticating the caller on the tape to be Christopher Despres. Accordingly, the state's objection to its introduction must be sustained.
So Ordered, at New London, Connecticut, this 25th day of February, 2002.
 ___________________ Devlin, J.